UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
*In re*                                                                    Case No.: 8-11-73120-dte

MICHAEL BERG,                                                  Chapter 7

                      Debtor.
---------------------------------------------------------------X

**ORDER DIRECTING THE EXAMINATION OF CHAPTER 7 DEBTOR MICHAEL BERG AND BARRY SHARF IN THEIR INDIVIDUAL CAPACITIES AND AS REPRESENTATIVES OF CHURCHILL LEASING SERVICES, LLC, CHURCHILL TECHNOLOGY FINANCE, LLC, AND CHURCHILL CREDIT, LLC PURSUANT TO RULE 2004 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE AND <u>DIRECTING THE PRODUCTION OF DOCUMENTS</u>**

Upon the *ex parte* application (the "Application"), dated June 21, 2011, of Long Island Pipe Supply, Inc. ("LIP"), by its attorneys, Pryor & Mandelup, L.L.P., for the issuance and entry of an order of this Court, pursuant to 11 U.S.C. §105(a) and Rules 2004 and 9016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") compelling Churchill Credit, LLC, Churchill Leasing Services, LLC ("Churchill Leasing") and Churchill Technology Finance, LLC (collectively, the "Churchill Companies"), as well as Michael Berg ("Debtor") and Barry Sharf, to produce certain documents and directing Debtor and Barry Sharf to individually appear and provide testimony at examinations to be conducted by LIP's attorneys; and sufficient cause appearing therefor, it is hereby

**ORDERED,** that pursuant to Bankruptcy Rules 2004 and 9016, LIP, by its attorneys, hereby is authorized and empowered to undertake the oral examination of both Debtor and Barry Sharf and seek the production of documents from Debtor, Barry Sharf and each of the Churchill Companies; and it is further

**ORDERED**, that Debtor, upon at least thirty (30) days notice, is hereby required to appear for oral examination at a location not more than 100 miles from where he resides, is

employed, or regularly transacts business in person, on such date and at such time as may be designated by LIP's attorneys and to be examined by LIP's attorneys; and it is further

**ORDERED**, that Barry Sharf, upon at least thirty (30) days notice, is hereby required to appear for oral examination at a location not more than 100 miles from where he resides, is employed, or regularly transacts business in person, on such date and at such time as may be designated by LIP's attorneys and to be examined by LIP's attorneys; and it is further

**ORDERED,** that both of the examinations shall continue from day to day thereafter, or as adjourned from time to time to other dates; and it is further

**ORDERED** that Debtor shall produce for inspection and copying at the offices of the LIP's counsel, Pryor & Mandelup, LLP, 675 Old Country Road, Westbury, New York, 11590, no later than ten (10) days prior to the date of his 2004 Exam, the following documents: (i) copies of all personal federal and state income tax returns for the years 2005-2010; (ii) copies of all accountant's work papers used in the preparation of his respective income tax returns for the years 2005-2010, including all schedules; (iii) copies of any and all personal detailed general ledgers for the years 2005 to the present date; (iv) copies of any and all personal financial statements for the years 2005 to the present date; (v) copies of any and all corporate books and records of Churchill Credit, LLC, for the years 2005 to the date hereof within his possession, custody and control; (vi) copies of any and all corporate books and records of Churchill Leasing Services, LLC, for the years 2005 to the date hereof within his possession, custody and control; (vii) copies of any and all corporate books and records of Churchill Technology Finance, LLC, for the years 2005 to the date hereof within his possession, custody and control; (viii) copies of any and all documents demonstrating the manner in which Long Island Pipe Supply Inc.'s September 2006 and February 2007 investments, in the aggregate of $250,000.00, in Churchill

Leasing was utilized; (ix) copies of any and all documents evidencing the transfer or diversion of any portion of Long Island Pipe Supply Inc.'s September 2006 and February 2007 investments in Churchill Leasing to any third-party; (x) copies of any of the respective federal and state income tax returns for the years 2005-2010, including all schedules, for Churchill Leasing Services, LLC, Churchill Credit, LLC, and/or Churchill Technology Finance, LLC; (xi) copies of any of the respective detailed general ledgers for the years 2005 to the date hereof for Churchill Leasing Services, LLC, Churchill Credit, LLC, and/or Churchill Technology Finance, LLC; (xii) copies of any and all accountants work papers, including but not limited to accounts payable journals, accounts receivables journals, loans payable journals, loans receivable journals, cash disbursements journals, cash receipts journals, and trial balances for the years 2005 to the date hereof for Churchill Leasing Services, LLC, Churchill Credit, LLC, and/or Churchill Technology Finance, LLC; (xiii) copies of any and all financial statements for the years 2005 to the date hereof for Churchill Leasing Services, LLC, Churchill Credit, LLC, and/or Churchill Technology Finance, LLC; (xiv) copies of any and all employment contracts and consulting agreements for Churchill Leasing Services, LLC, Churchill Credit, LLC, and/or Churchill Technology Finance, LLC; (xv) copies of any and all contracts with third-parties for the years 2005 to the date hereof for Churchill Leasing Services, LLC, Churchill Credit, LLC, and/or Churchill Technology Finance, LLC; (xvi) copies of any and all original and modified and/or revised operating agreements for Churchill Leasing Services, LLC, Churchill Credit, LLC, and/or Churchill Technology Finance, LLC; (xvii) copies of any and all payroll records for the years 2005 to the date hereof for Churchill Leasing Services, LLC, Churchill Credit, LLC, and/or Churchill Technology Finance, LLC; (xviii) copies of any and all sales tax returns for the years 2005 to the date hereof for Churchill Leasing Services, LLC, Churchill Credit, LLC, and/or

Churchill Technology Finance, LLC; (xix) copies of any closing documents including, without limitation, any purchase agreement and contracts related to the acquisition by Churchill Leasing of its 47% interest in Churchill Technology Finance, LLC; (xx) copies of any detailed schedule of guaranteed payments to members for the years 2005 to the date hereof for Churchill Leasing Services, LLC, Churchill Credit, LLC, and/or Churchill Technology Finance, LLC; and, (xxi) copies of any closing documents including, without limitation, any purchase agreements related to the acquisition by Tripar Associates of its 53% interest in Churchill Technology Finance, LLC on or about June 1, 2007; and it is further

**ORDERED** that Barry Sharf shall produce for inspection and copying at the offices of the LIP's counsel, Pryor & Mandelup, LLP, 675 Old Country Road, Westbury, New York, 11590, no later than ten (10) days prior to the date of his 2004 Exam, the following documents: (i) copies of all personal federal and state income tax returns for the years 2005-2010; (ii) copies of all accountant's work papers used in the preparation of his respective income tax returns for the years 2005-2010, including all schedules; (iii) copies of any and all personal detailed general ledgers for the years 2005 to the present date; (iv) copies of any and all personal financial statements for the years 2005 to the present date; (v) copies of any and all corporate books and records of Churchill Credit, LLC, for the years 2005 to the date hereof within his possession, custody and control; (vi) copies of any and all corporate books and records of Churchill Leasing Services, LLC, for the years 2005 to the date hereof within his possession, custody and control; (vii) copies of any and all corporate books and records of Churchill Technology Finance, LLC, for the years 2005 to the date hereof within his possession, custody and control; (viii) copies of any and all documents demonstrating the manner in which Long Island Pipe Supply Inc.'s September 2006 and February 2007 investments, in the aggregate of $250,000.00, in Churchill Leasing was utilized; (ix) copies

of any and all documents evidencing the transfer or diversion of any portion of Long Island Pipe Supply Inc.'s September 2006 and February 2007 investments in Churchill Leasing to any third-party; (x) copies of any of the respective federal and state income tax returns for the years 2005-2010, including all schedules, for Churchill Leasing Services, LLC, Churchill Credit, LLC, and/or Churchill Technology Finance, LLC; (xi) copies of any of the respective detailed general ledgers for the years 2005 to the date hereof for Churchill Leasing Services, LLC, Churchill Credit, LLC, and/or Churchill Technology Finance, LLC; (xii) copies of any and all accountants work papers, including but not limited to accounts payable journals, accounts receivables journals, loans payable journals, loans receivable journals, cash disbursements journals, cash receipts journals, and trial balances for the years 2005 to the date hereof for Churchill Leasing Services, LLC, Churchill Credit, LLC, and/or Churchill Technology Finance, LLC; (xiii) copies of any and all financial statements for the years 2005 to the date hereof for Churchill Leasing Services, LLC, Churchill Credit, LLC, and/or Churchill Technology Finance, LLC; (xiv) copies of any and all employment contracts and consulting agreements for Churchill Leasing Services, LLC, Churchill Credit, LLC, and/or Churchill Technology Finance, LLC; (xv) copies of any and all contracts with third-parties for the years 2005 to the date hereof for Churchill Leasing Services, LLC, Churchill Credit, LLC, and/or Churchill Technology Finance, LLC; (xvi) copies of any and all original and modified and/or revised operating agreements for Churchill Leasing Services, LLC, Churchill Credit, LLC, and/or Churchill Technology Finance, LLC; (xvii) copies of any and all payroll records for the years 2005 to the date hereof for Churchill Leasing Services, LLC, Churchill Credit, LLC, and/or Churchill Technology Finance, LLC; (xviii) copies of any and all sales tax returns for the years 2005 to the date hereof for Churchill Leasing Services, LLC, Churchill Credit, LLC, and/or Churchill Technology Finance, LLC; (xix) copies of any closing documents including, without limitation, any

purchase agreement and contracts related to the acquisition by Churchill Leasing of its 47% interest in Churchill Technology Finance, LLC; (xx) copies of any detailed schedule of guaranteed payments to members for the years 2005 to the date hereof for Churchill Leasing Services, LLC, Churchill Credit, LLC, and/or Churchill Technology Finance, LLC. and, (xxi) copies of any closing documents including, without limitation, any purchase agreements related to the acquisition by Tripar Associates of its 53% interest in Churchill Technology Finance, LLC on or about June 1, 2007; and it is further

**ORDERED**, that nothing contained in this Order shall be construed to limit or preclude LIP from seeking additional examinations, pursuant to Rule 2004 of the Bankruptcy Rules, of the Debtor or any other party in interest in this Chapter 7 proceeding; and it is further

**ORDERED**, that Churchill Leasing Services, LLC, Churchill Technology Finance, LLC and Churchill Credit, LLC shall each produce for inspection and copying at the offices of the LIP's counsel, Pryor & Mandelup, LLP, 675 Old Country Road, Westbury, New York, 11590, no later than thirty (30) days after service of this Order, the following documents: (i) copies of any and all documents demonstrating the manner in which Long Island Pipe Supply Inc.'s September 2006 and February 2007 investments, in the aggregate of $250,000.00, in Churchill Leasing was utilized; (ii) copies of any and all documents evidencing the transfer or diversion of any portion of Long Island Pipe Supply Inc.'s September 2006 and February 2007 investments in Churchill Leasing to any third-party; (iiii) copies of any of the respective federal and state income tax returns for the years 2005-2010, including all schedules, for Churchill Leasing Services, LLC, Churchill Credit, LLC, and/or Churchill Technology Finance, LLC; (iv) copies of any of the respective detailed general ledgers for the years 2005 to the date hereof for Churchill Leasing Services, LLC, Churchill Credit, LLC, and/or Churchill Technology Finance, LLC; (v) copies of any and all accountants work papers,

including but not limited to accounts payable journals, accounts receivables journals, loans payable journals, loans receivable journals, cash disbursements journals, cash receipts journals, and trial balances for the years 2005 to the date hereof for Churchill Leasing Services, LLC, Churchill Credit, LLC, and/or Churchill Technology Finance, LLC; (vi) copies of any and all financial statements for the years 2005 to the date hereof for Churchill Leasing Services, LLC, Churchill Credit, LLC, and/or Churchill Technology Finance, LLC; (vii) copies of any and all employment contracts and consulting agreements for Churchill Leasing Services, LLC, Churchill Credit, LLC, and/or Churchill Technology Finance, LLC; (viii) copies of any and all contracts with third-parties for the years 2005 to the date hereof for Churchill Leasing Services, LLC, Churchill Credit, LLC, and/or Churchill Technology Finance, LLC; (ix) copies of any and all original and modified and/or revised operating agreements for Churchill Leasing Services, LLC, Churchill Credit, LLC, and/or Churchill Technology Finance, LLC; (x) copies of any and all payroll records for the years 2005 to the date hereof for Churchill Leasing Services, LLC, Churchill Credit, LLC, and/or Churchill Technology Finance, LLC; (xi) copies of any and all sales tax returns for the years 2005 to the date hereof for Churchill Leasing Services, LLC, Churchill Credit, LLC, and/or Churchill Technology Finance, LLC; (xii) copies of any closing documents including, without limitation, any purchase agreement and contracts related to the acquisition by Churchill Leasing of its 47% interest in Churchill Technology Finance, LLC; (xiii) copies of any detailed schedule of guaranteed payments to members for the years 2005 to the date hereof for Churchill Leasing Services, LLC, Churchill Credit, LLC, and/or Churchill Technology Finance, LLC; and, (xiv) copies of any closing documents including, without limitation, any purchase agreements related to the acquisition by Tripar Associates of its 53% interest in Churchill Technology Finance, LLC on or about June 1, 2007; and it is further

**ORDERED**, that service of a copy of this Order, the Application, and subpoena with document request, by first class mail, at least thirty (30) days prior to the date of the scheduled examination, upon (i) Debtor at 83 Madison Street, Huntington, New York 11743 and Debtor's attorney, Sean C. Serpe, Esq. at 450 Seventh Avenue, Suite 2601, New York, New York, 10123, (ii) Barry Sharf at 68 McCouns Lane, Glen Head, New York 11791, (iii) Churchill Leasing Services, LLC at 6800 Jericho Turnpike, Suite 102W Syosset, New York 11791, (iv) Churchill Credit, LLC at 600 Old Country Road, Suite 700 Garden City, New York 11530 , (v) Churchill Technology Finance, LLC c/o National Registered Agents, Inc. at 440 9th Avenue, Fifth Floor, New York, NY 10001, shall be deemed good and sufficient notice of this Order and the subpoenas.

**Dated: Central Islip, New York**
**August 17, 2011**

*Dorothy Eisenberg*
**Dorothy Eisenberg**
**United States Bankruptcy Judge**