PRYOR & MANDELUP, L.L.P.
Attorneys for Plaintiff
A. Scott Mandelup, Esq.
J. Logan Rappaport, Esq.
675 Old Country Road
Westbury, New York 11590
(516) 997-0999

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
*In re*

    MICHAEL BERG,

                  Debtor.
-------------------------------------------------------------X
LONG ISLAND PIPE SUPPLY, INC.,

                  Plaintiff,

  - against -

MICHAEL BERG,

                 Defendant.
-------------------------------------------------------------x

Case No.: 8-11-73120-dte

Chapter 7

Adv. Pro. No.:

**COMPLAINT**

       Long Island Pipe Supply, Inc. ("Plaintiff"), an unsecured creditor of the bankruptcy estate ("Estate") of Michael Berg ("Defendant"), the debtor in the above-captioned Chapter 7 case, by its attorneys, Pryor & Mandelup L.L.P., as and for its Complaint against Defendant, hereby alleges as follows:

**Nature of Adversary Proceeding**

       1.    This is an Adversary Proceeding whereby Plaintiff is seeking the denial of Defendant's bankruptcy discharge pursuant to 11 U.S.C. §§ 727(a)(3), (a)(4), and (a)(6), and Rules 4004 and 7001(4) of the Federal Rules of Bankruptcy Procedure ("Bankruptcy Rules").

1

**Parties**

2. Plaintiff is a corporation organized and existing under the laws of the State of New York, with its principal place of business at 586 Commercial Avenue, Garden City, NY 11530.

3. Upon information and belief, Defendant is an individual residing at 83 Madison Street, Huntington, New York, 11743.

4. On May 3, 2011, ("Filing Date"), Defendant filed a voluntary petition for relief from his creditors pursuant to Chapter 7 of the United States Bankruptcy Code, 11 U.S.C. §§ 101 *et. seq.* ("Bankruptcy Code")

5. Plaintiff is a creditor of Defendant and a party-in-interest in Defendant's above-captioned bankruptcy case (the "Chapter 7 Case").

**Jurisdiction**

6. This Court has jurisdiction over this Adversary Proceeding, under 28 U.S.C. §§ 157(b)(1) and 1334, and the Standing Order of Referral of Cases to Bankruptcy Judges entered in the United States District Court for the Eastern District of New York.

7. This is a core proceeding under 28 U.S.C. § (b)(2)(A), (J), and (O). To the extent that this Court determines that any cause of action set forth herein does not constitute a core proceeding, then in such event, Plaintiff consents to the issuance by this Court of final conclusions of law and findings of fact, pursuant to Bankruptcy Rule 7052(a).

**Venue**

8. Venue in this District is proper pursuant to 28 U.S.C. §§ 1408(1) and 1409(a).

## FIRST CAUSE OF ACTION
## OBJECTION TO DISCHARGE (11 U.S.C. § 727(a)(4))

9. Plaintiff realleges each allegation contained in Paragraphs "1" through "8" herein.

10. On or about May 4, 2011, Defendant filed, *inter alia*, a Statement of Financial Affairs ("SOFA") with the Bankruptcy Court.

11. Upon information and belief, the SOFA filed by Defendant in the Chapter 7 Case was signed by Defendant under penalty of perjury and constitutes an oath.

12. Question "18" of the SOFA required Defendant to "list the names, addresses, taxpayer identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was an officer, director, partner, or managing executive of a corporation, partner in a partnership, sole proprietor, or was self-employed in a trade, profession, or other activity either full- or part-time within six years immediately preceding the commencement of this case, or in which the debtor owned five percent or more of the voting or equity securities within six years immediately preceding the commencement of the case."

13. Defendant's response to Question "18" of his SOFA states: "None" (the "Response").

14. Upon information and belief, during the six years immediately preceding the Filing Date, Defendant was an officer, director, partner, or managing executive of a corporation, partner in a partnership, and/or owned five percent or more of the voting or equity securities of various businesses, including, but not limited to, Churchill Leasing Services, LLC ("Churchill Leasing"),Churchill Credit, LLC, Churchill Technology Finance, LLC ("Churchill Technology"), and

Bison Commercial Leasing, Inc.

15. Upon information and belief, the Response was false when made.

16. By reason of the foregoing, the Response constitutes a false oath.

17. Upon information and belief, Defendant knew that the Response was false at the time he made it.

18. Upon information and belief, Defendant made the Response with fraudulent intent to conceal assets, his past businesses, and/or his past business transactions from the duly appointed Chapter 7 trustee and his creditors.

19. By reason of the foregoing, Plaintiff is entitled to judgment against Defendant, pursuant to 11 U.S.C. § 727(a)(4), denying Defendant a discharge in the Chapter 7 Case.

### SECOND CAUSE OF ACTION
### OBJECTION TO DISCHARGE (11 U.S.C. § 727(a)(3))

20. Plaintiff realleges each allegation contained in Paragraphs "1" through "19" herein.

21. Upon information and belief, in or about September 2006, Plaintiff and Churchill Leasing entered into an agreement whereby Plaintiff agreed to contribute the sum of $150,000.00 to Churchill Leasing in exchange for receiving an equity interest of four and a half percent in Churchill Leasing.

22. Upon information and belief, pursuant to an amended operating agreement, in or about February 2007, Plaintiff contributed an additional $100,000.00 to Churchill Leasing in exchange for an additional two percent equity stake in Churchill Leasing.

23. Despite numerous demands, Defendant and Churchill Leasing failed to provide Plaintiff with the books and records of Churchill Leasing.

24. Upon information and belief, at all relevant times, Defendant was an officer, director, managing executive, member, and/or shareholder of Churchill Leasing and Churchill Technology.

25. By Order to Show Cause, entered June 9, 2009 in the Supreme Court of the State of New York, County of Nassau (the "State Court"), Plaintiff sought to obtain pre-action discovery from Defendant consisting of production of documents and an examination under oath of Defendant, regarding Plaintiff's investment in Churchill Leasing (the "Pre-Action Discovery Motion").

26. On October 20, 2009, Defendant filed, in this Court, a petition for relief pursuant to Chapter 13 of the Bankruptcy Code (the "Chapter 13 Case").

27. The filing of the Chapter 13 petition stayed Defendant's obligation to respond to the Pre-Action Discovery Motion.

28. By Order of this Court, dated June 8, 2010, on the Chapter 13 trustee's motion, Defendant's Chapter 13 Case was dismissed.

29. Thereafter, Defendant agreed to appear for an examination by Plaintiff on June 14, 2010 and to produce the documents requested by Plaintiff in the Pre-Action Discovery Motion.

30. Despite Defendant's agreement to appear for an examination by Plaintiff and to produce the books and records of Churchill Leasing, Churchill Credit, LLC and Churchill Technology, Defendant failed to appear at the scheduled examination and failed to produce any of the requested books and records.

31. By Order, dated November 17, 2010, on Plaintiff's motion to compel Defendant

to appear for a deposition by Plaintiff and to produce certain documents, the State Court directed Defendant to present himself for a deposition by Plaintiff at the State Court on January 5, 2011, and produce to Plaintiff, on or before December 30, 2010, the requested books and records.

32. Plaintiff, by its attorneys, subsequently served Defendant with a Notice of Entry of the November 17, 2010 Order.

33. Defendant failed to appear for his deposition on January 5, 2011, and failed to produce the demanded books and records to Plaintiff.

34. The State Court directed Plaintiff to issue a Judicial Subpoena and Judicial Subpoena Duces Tecum, to appear at the offices of Plaintiff's attorneys, on March 10, 2011, for a deposition and for the production of the requested books and records.

35. Defendant again failed to produce the requested books and records to Plaintiff and failed to appear on March 10, 2011, for his scheduled deposition.

36. Subsequent to the Filing Date, on June 23, 2011, Plaintiff, by its counsel, filed an *ex parte* application ("2004 Application") in this Court, pursuant to Rule 2004 of the Bankruptcy Rules, for an order authorizing, *inter alia*, the examination of Defendant and requiring that Defendant produce certain documents regarding (i) Defendant's past and present financial condition, (ii) various business transactions, and (iii) the past and present financial condition of various entities in which Defendant had a direct or indirect interest.

37. On July 21, 2011, Plaintiff, by its counsel, pursuant to the Court's request, filed with the Court a Notice of Presentment as to the 2004 Application and an Affidavit of Service, which demonstrated that Defendant and his bankruptcy attorney were served with the Notice of Presentment and 2004 Application. Pursuant to the Notice of Presentment, an order authorizing the relief requested

in the 2004 Application was to be presented for the Court's signature on August 16, 2011.

38. Defendant did not file an objection to the 2004 Application.

39. On August 17, 2011, the Court entered an order (the "2004 Order") directing, *inter alia*, (i) Defendant appear for an examination to be conducted by Plaintiff's counsel and (ii) Defendant's production of various documents regarding Defendant's past and present financial condition, certain business transactions, and the past and present financial condition of various entities in which Defendant had a direct or indirect interest.

40. On August 17, 2011, Plaintiff, by its attorneys, served Defendant, at his residence, and served Defendant's attorney, with copies of the 2004 Order, the 2004 Application, and a subpoena (the "Subpoena") including a document request.

41. Pursuant to the 2004 Order and the Subpoena, Defendant was required to appear for a Rule 2004 examination on September 28, 2011 and was also required to produce the demanded documents on or before September 16, 2011.

42. Despite having received the 2004 Order and Subpoena, Defendant failed to produce the requested documents and failed to appear for the scheduled Rule 2004 examination.

43. Defendant has repeatedly failed to produce any of the books, records, and financial documents demanded by Plaintiff in the State Court proceedings, as well as pursuant to the 2004 Order and Subpoena issued in the Chapter 7 Case.

44. Upon information and belief, Defendant has concealed, destroyed, mutilated, falsified, or failed to keep or preserve recorded information, including books, documents, records, and papers from which his financial condition or business transactions might be ascertained.

45. By virtue of the foregoing, Plaintiff is entitled to judgment against Defendant,

7

pursuant to 11 U.S.C. § 727(a)(3), denying Defendant a discharge in the Chapter 7 Case.

### THIRD CAUSE OF ACTION
### OBJECTION TO DISCHARGE (11 U.S.C. § 727(a)(6))

46. Plaintiff realleges each allegation contained in Paragraphs "1" through "45" herein.

47. The 2004 Order is a lawful order of the Court entered in the Chapter 7 Case.

48. Defendant has refused in the Chapter 7 Case to comply with any of the terms of the 2004 Order.

49. Specifically, Defendant failed to comply with the 2004 Order by failing to appear at his scheduled examination and by failing to produce any of the demanded books and records in accordance with the Subpoena.

50. Upon information and belief, Defendant's refusal to comply with the 2004 Order, was willful and intentional.

51. By reason of the foregoing, Plaintiff is entitled to judgment against Defendant, pursuant to 11 U.S.C. § 727(a)(6), denying Defendant a discharge in the Chapter 7 Case.

**WHEREFORE**, Plaintiff demands judgment against Defendant as follows:

A. On the First Cause of Action, pursuant to 11 U.S.C. § 727(a)(4), denying Defendant a discharge in the Chapter 7 Case;

B. On the Second Cause of Action, pursuant to 11 U.S.C. § 727(a)(3), denying Defendant a discharge in the Chapter 7 Case;

C. On the Third Cause of Action, pursuant to 11 U.S.C. § 727(a)(6), denying Defendant a discharge in the Chapter 7 Case; and

D. For such other and further relief as this Court deems just and proper.

Dated: Westbury, New York
    October 25, 2011　　　　　　　　　　　　　　PRYOR & MANDELUP, LLP
　　　　　　　　　　　　　　　　　　　　　　　　Attorneys for Plaintiff

　　　　　　　　　　　　　　　　　　　　　By: *s/A. Scott Mandelup*
　　　　　　　　　　　　　　　　　　　　　　　A. Scott Mandelup
　　　　　　　　　　　　　　　　　　　　　　　J. Logan Rappaport
　　　　　　　　　　　　　　　　　　　　　　675 Old Country Road
　　　　　　　　　　　　　　　　　　　　　　Westbury, New York 11590
　　　　　　　　　　　　　　　　　　　　　　(516) 997-0999
　　　　　　　　　　　　　　　　　　　　　　asm@pryormandelup.com
　　　　　　　　　　　　　　　　　　　　　　lr@pryormandelup.com